IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

SEAN FRAZIER,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CIVIL NO.: WDQ-10-2040
CRIMINAL NO.: WDQ-08-0086

* * * * * * * * * * * * *

MEMORANDUM OPINION

Pending is Sean Frazier's *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. No hearing is necessary. See Rule 8 of the *Rules Governing § 2255 Proceedings*. For the following reasons, the motion will be denied.

I. Background

On April 9, 2009, Frazier pled guilty to participating in a racketeering conspiracy in violation of 18 U.S.C. § 1962(d). ECF Nos. 522, 559. At his rearraignment, Frazier swore that he had discussed his plea agreement with his attorney, Gary Ticknor, Esquire, understood and agreed to it. Rearraignment Tr. 7-8; ECF No. 523 at 7. He also confirmed that he had signed the fact statement after discussing it with Ticknor, he understood it, and agreed that it was true. Rearraignment Tr.

8; ECF No. 523 at 16. Frazier agreed that, although he had sold about 82 grams of cocaine base, "it was reasonably foreseeable to [him] that the conspiracy involved at least 150 grams, but less than 500 grams, of . . . crack." ECF No. 523 at 4, 13. The parties had reached an agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C) that 135 months was the appropriate disposition. ECF No. 1135, Ex. 1a at 5.

Before the Court accepted Frazier's guilty plea, Frazier swore that he understood the charges and was pleading guilty of his own free will. Rearraignment Tr. 4-5, 9-11, 13. Frazier swore that he was satisfied with his attorney, who had answered all of his questions and not refused to do something Frazier had asked. *Id.* at 5-6. The Court found that Frazier had knowingly and voluntarily entered the guilty plea with the advice of competent counsel, and the plea had a sufficient factual basis. *Id.* at 13.

On July 24, 2009, the Court followed the parties' agreement and sentenced Frazier to 135 months imprisonment. ECF No. 559. Before the Court imposed sentence, Frazier's attorney advised him that he could "say anything that [he] wish[ed]" to the Court. Sentencing Tr. 6. Frazier was told that if he was satisfied with the agreed sentence, "the Court [would] not hold

it against [him] if [he didn't] say anything." *Id.* Frazier declined to speak. *Id.*

On July 26, 2010, Frazier filed his § 2255 motion. ECF No. 1082. On December 27, 2010, the Government opposed that motion. ECF No. 1135.

II. Analysis

Frazier argues that Ticknor provided ineffective assistance of counsel. ECF No. 1091 at 3. He contends that Ticknor: (1) failed to challenge the Government's assertion that Frazier could reasonably foresee that the conspiracy involved 150 to 500 grams of cocaine base and (2) should have asked the Court to deviate from the sentencing guidelines. *Id.* at 3-6.

A. Ineffective Assistance of Counsel

The Sixth Amendment guarantees the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 685 (1984). Under *Strickland*, Frazier must prove that counsel's performance: (1) was deficient and (2) prejudiced his defense. *Id.* at 687; *United States v. Luck*, 611 F.3d 183, 186 (4th Cir. 2010).

Deficient performance requires Frazier to show that Ticknor made errors so serious that the "representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 686, 689. A court must be "highly deferential" in its review of an attorney's conduct, observing a "strong presumption" that

counsel's conduct fell "within the wide range of reasonable professional assistance." *Id.* at 689.

To demonstrate prejudice, Frazier must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Because Frazier pled guilty, he must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Moreover, Frazier's statements under oath affirming his satisfaction with counsel are binding on him absent "clear and convincing evidence to the contrary." *Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1299 (4th Cir. 1992).

1. Foreseeability of Co-Conspirators' Drug Distribution

Frazier claims that he told his attorney facts that would have shown that he did not reasonably foresee that the conspiracy involved 150 to 500 grams of cocaine base. ECF No. 1091 at 4-5. He contends that he would have received a lesser sentence if Ticknor had (1) requested an evidentiary hearing to compel the Government to prove that Frazier had reasonably foreseen that the conspiracy involved that much cocaine base and (2) challenged that assertion at sentencing. *Id.* at 4-6.

Frazier's argument lacks merit. Under the advisory sentencing guidelines, a defendant is responsible "not only for his own acts, but also for all reasonably foreseeable acts of his co-conspirators in furtherance of the joint criminal activity."[1] Frazier signed the plea agreement and the fact statement, which said that Frazier could reasonably foresee that the conspiracy involved "at least 150 grams, but less than 500 grams, of cocaine base." ECF No. 523 at 4, 7, 13, 16. Frazier swore that he had discussed the plea agreement and fact statement with his attorney, understood them, and agreed that they were accurate. Rearraignment Tr. 7-8. Further, he swore that he was satisfied with his attorney. *Id.* at 5-6. Counsel was not ineffective for failing to request an evidentiary hearing or dispute the facts Frazier swore were accurate. Frazier has presented no evidence that his statements under oath were false. *See Fields*, 956 F.2d at 1299.[2]

---

[1] *United States v. Slade*, 631 F.3d 185, 188 (4th Cir. 2011) (internal quotations omitted); U.S. Sentencing Guidelines Manual, § 1B1.3(a)(1)(B) (2004).

[2] Had Frazier been able to show that his counsel's performance was deficient, he has failed to show prejudice; he argues that he should have received a lesser sentence, not that he would have insisted on going to trial. *See Fields*, 956 F.2d at 1297 (petitioner "manifestly" could not show prejudice when he argued that "with effective assistance he would have pled to a different plea bargain and received a more favorable sentence").

5

2. Deviation from Sentencing Guidelines

Frazier claims that his attorney initially agreed and then refused to ask the Court to deviate from the sentencing guidelines because of the disparity between the crack cocaine and powder cocaine guidelines. ECF No. 1091 at 6.

Frazier has failed to establish ineffective assistance of counsel on this ground. Ticknor was not deficient for asking the Court to give Frazier the sentence for which Frazier had bargained. At sentencing, Frazier declined to address the Court. Sentencing Tr. 6. He has not argued that he would have gone to trial had he known that Ticknor would not request a lower sentence than Frazier negotiated. See Hill, 474 U.S. at 59. Accordingly, Frazier's motion to vacate, set aside, or correct sentence will be denied.

B. Certificate of Appealability

A certificate of appealability ("COA") must issue before a petitioner may appeal the Court's decision in a 28 U.S.C. § 2255 case. See 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v.Dretke, 542

U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (internal quotations omitted). Denial of a COA does not prevent a petitioner from seeking permission to file a successive petition or pursuing his claims upon receipt of such permission.

Because Frazier has not made a substantial showing of the denial of his constitutional rights, this Court will not issue a COA.

III. Conclusion

For the reasons stated above, Frazier's motion to vacate, set aside, or correct sentence will be denied.

_____9/28/11_____          _____[signature]_____
Date                              William D. Quarles, Jr.
                                  United States District Judge